Lauren Scholnick (Bar No. 7579)
Charles Johnson (Bar No. 10101)
**STRINDBERG SCHOLNICK BIRCH**
**HALLAM HARSTAD THORNE**
1516 West Hays Street
Boise, Idaho 83702
(t) 208.336.1788
(f) 208.344.7980
lauren@utahjobjustice.com
chad@idahojobjustice.com

Colby Qualls, (AR Bar No 2019246*)
**SANFORD LAW FIRM**
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
(t) 501.904.1649
colby@sanfordlawfirm.com
*Pro Hac Vice pending*

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **KEVIN THOMAS**, <br><br> Plaintiff, <br><br> vs. <br><br> **WOOD RIVER DRILLING AND PUMP, INC.** a corporation licensed to do business in the State of Idaho, and, **BRANDON FREEMAN,** individually, <br><br> Defendants. | **COMPLAINT** <br><br> No. 1:22 |

Plaintiff Kevin Thomas, by and through undersigned counsel, for his Original Complaint ("Complaint") against Defendants Wood River Drilling and Pump, Inc., and Brandon Freeman (collectively "Defendant" or "Defendants"), states and alleges as follows:

## I.  PRELIMINARY STATEMENTS

1.  Plaintiff brings this action against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2.  Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' failure to pay proper overtime compensation under the FLSA.

## II.  JURISDICTION AND VENUE

3.  The United States District Court for the District of Idaho has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.  Venue is proper with this Court as the Defendants' business is within the jurisdiction of the Court and the acts complained of herein were committed and had their principal effect against Plaintiff within the District of Idaho; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.  THE PARTIES

5.  Plaintiff is an individual and resident of Blaine County.

6.  Separate Defendant Wood River Drilling and Pump, Inc. ("Wood River"), is a domestic, for-profit corporation.

7.  Wood River's registered agent for service of process is Jennifer Freeman at 42 Glendale Road, Bellevue, Idaho 83313.

8.  Separate Defendant Brandon Freeman ("Freeman") is an individual and resident of Idaho.

## IV.    FACTUAL ALLEGATIONS

9.      Freeman is a principal, director, officer, and/or owner of Wood River.

10.     Freeman, in his role as an operating employer of Wood River, had the power to hire and fire Plaintiff, often exercised supervisory authority over Plaintiff's work, including the day-to-day job duties that Plaintiff's job entailed, determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

11.     Freeman took an active role in operating Wood River and in the management thereof.

12.     Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as materials, tools, equipment, vehicles and fuel.

13.     Defendants employed Plaintiff within the three years preceding the filing of this lawsuit.

14.     Specifically, Defendants employed Plaintiff as a Well Pump Technician on and off from January of 2010, and most recently from June of 2018 until July of 2022.

15.     Plaintiff's primary duties were to fix water pumps, pull water pumps from wells, diagnose issues within residential water systems and fix electrical issues in crawl spaces.

16.     Plaintiff regularly used instrumentalities of interstate commerce, such as his cell phone and the internet, in the course of his duties for Defendants.

17.     At times, Defendants classified Plaintiff as nonexempt from the overtime provisions of the FLSA and paid him an hourly wage, and at other times Defendants classified Plaintiff as exempt from the overtime provisions of the FLSA and paid him a salary.

18.     Plaintiff was classified as a salaried employee from 2019 until May of 2022.

19.     Plaintiff's duties were the same whether he was paid hourly or salary.

20.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

21.     At all relevant times herein, Defendants directly hired Plaintiff to work on their behalf, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

22.     Plaintiff regularly worked over forty hours per week.

23.     Plaintiff did not have the authority to hire or fire other employees, nor were his recommendations as to hiring or firing given particular weight.

24.     Plaintiff did not exercise discretion or independent judgment as to matters of significance.

25.     Plaintiff's duties were rote and routine, and he sought input from supervisors when his duties were not rote or routine.

26.     In carrying out his duties, Plaintiff followed the processes put in place by Defendant and others.

27.     Plaintiff did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

28.     Plaintiff did not customarily or regularly direct the work of at least two or more other full-time employees or their equivalent as his primary duty.

29.     Plaintiff was a classic blue-collar worker, spending physical, demanding, long shifts working on and with machinery, and not in an office.

30.     Plaintiff worked with another employee who tracked his time via paper timesheet. Plaintiff generally worked the same hours as this hourly employee.

31.     Defendants assigned Plaintiff so much work that he was unable to complete it in less than forty hours per week.

32.     Defendants knew or should have known that Plaintiff worked over forty hours in at least some weeks within the three years preceding the filing of this lawsuit.

33.     The net effect of Defendant's practices and policies regarding Plaintiff's job duties and pay, as described above, is that Defendant intentionally misclassified him as a salaried employee in order to avoid paying him an overtime premium for hours worked over forty each week.

34.     Defendants made no effort to ascertain and comply with applicable law.

35.     In or around June of 2022, Plaintiff requested that Defendants pay him for the unpaid overtime. In response, Defendants paid Plaintiff an amount which they said was intended to compensate Plaintiff for the overtime hours he worked in 2022. Defendants refused to pay Plaintiff for the overtime hours worked prior to 2022.  Defendants did not pay liquidated damages.

36.     Defendants knew or showed reckless disregard for whether its actions violated the FLSA.

## V.     CLAIM FOR RELIEF—FLSA VIOLATION

37.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

38.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

39.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

40.     Defendant misclassified Plaintiff as exempt from the protections of the FLSA.

41.     Defendant failed to pay Plaintiff an overtime premium for all hours worked over forty each week, despite his entitlement thereto.

42.     Defendant knew or should have known that its actions violated the FLSA.

43.     Defendant's conduct and practices, as described above, were willful.

44.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

45.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

46.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Kevin Thomas respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.      Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B.      Judgment for damages suffered by Plaintiff for all unpaid wages under the FLSA and its related regulations;

C.      Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA and its related regulations;

D.      An order directing Defendants to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

E.      Such other and further relief as this Court may deem just and proper.

Dated this 7th day of October, 2022.

                                    **STRINDBERG SCHOLNICK BIRCH
                                    HALLAM HARSTAD THORNE**

                                    */s/ Charles Johnson*
                                    Charles Johnson
                                    Idaho Bar No. 10101
                                    chad@idahojobjustice.com

                                    **SANFORD LAW FIRM**

                                    */s/Colby Qualls*
                                    Colby Qualls
                                    AR Bar No. 2019246*
                                    colby@sanfordlawfirm.com
                                    *Pro Hac Vice pending

                                    **Attorneys for Plaintiff**