UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| KEVIN THOMAS,<br><br>Plaintiff,<br><br>vs.<br><br>WOOD RIVER DRILLING AND PUMP, INC., a corporation licensed to do business in the State of Idaho, and, BRANDON FREEMAN, individually,<br><br>Defendants. | Case No.: 1:22-cv-00423-REP<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' RENEWED MOTION TO DISMISS**<br><br>**(Dkt. 14)** |

Pending before the Court is Defendants' Renewed Motion to Dismiss (Dkt. 14). The facts and legal arguments are adequately presented in the parties' briefing and the record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion is decided based on the briefing and the record. Because Plaintiff's Fair Labor Standards Act ("FLSA") claim is sufficiently plead, Defendants' Motion is denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Kevin Thomas brings this action against his former employer, Defendants Wood River Drilling and Pump, Inc. ("Wood River") and Brandon Freeman, for violations of the overtime provisions of the FLSA. Plaintiff alleges that Defendants regularly required him to work more than 40 hours per week without overtime compensation.

On November 3, 2022, Defendants moved to dismiss Plaintiff's original Complaint pursuant to FRCP 12(b)(6), arguing that "Plaintiff has asserted therein a wholly unsubstantiated blanket claim for overtime wages." Defs.' Mem. ISO MTD at 1-2 (Dkt. 11-1). Plaintiff responded on November 17, 2022 by filing a First Amended Complaint pursuant to FRCP

**MEMORANDUM DECISION AND ORDER - 1**

15(a)(1)(B).  First Am. Compl. (Dkt. 12).  Plaintiff's First Amended Complaint effectively mooted Defendants' then-pending Motion to Dismiss.  *Anderson v. Bank of Am., N.A.*, 2016 WL 7494304, at *1 (D. Idaho 2016) ("When a plaintiff filed its amended complaint as a matter of course, the amended complaint becomes the operative complaint and renders any pending motions to dismiss moot.").  But Defendants contend that Plaintiff's First Amended Complaint is largely indistinguishable from his original Complaint and should, once again, be dismissed pursuant to FRCP 12(b)(6).  Defs.' Mem. ISO Renewed MTD at 1-2 (Dkt. 15).  Specifically, through their December 1, 2022 Renewed Motion to Dismiss, Defendants argue that Plaintiff still (i) has not pleaded his FLSA claim with sufficient detail, and (ii) has not stated a claim against Defendant Freeman individually.  *Id*. at 3-7.  These arguments are addressed below.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief can be granted under FRCP 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  FRCP 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

**MEMORANDUM DECISION AND ORDER - 2**

*Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief."  *Twombly*, 550 U.S. at 570 (internal citation omitted).

Even so, a court "need not assume the truth of legal conclusions cast in the form of factual allegations."  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While FRCP 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim.  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint wherein the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully."  *Id*.  This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. at 679.  Thus, only where a plaintiff fails to "nudge [his or

**MEMORANDUM DECISION AND ORDER - 3**

her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id*. at 680 (internal quotations omitted).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under FRCP 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

## III. DISCUSSION

### A.   Plaintiff Sufficiently Pleaded His FLSA Claim

In *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2015), the Ninth Circuit laid out the requirements for plaintiffs to state an FLSA wage claim in light of *Twombly* and *Iqbal*. *Landers* held that, "to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that [he] worked more than 40 hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Id*. at 644-45. "Plaintiffs are not expected to allege 'with mathematical precision' the amount of overtime compensation owed, but the more facts alleged regarding the number of hours worked, the length of an average workweek, and an estimated amount of overtime owed, 'the closer the complaint moves toward plausibility.'" *Neff v. Fuji Steak House, Inc.*, 2021 WL 355073, at * 3 (D. Idaho 2021) (quoting *Landers*, 771 F.3d at 645-46). "At the very least, plaintiffs 'must be able to

**MEMORANDUM DECISION AND ORDER - 4**

specify at least one workweek in which they worked in excess of 40 hours and were not paid overtime wages.'" *Id*. (quoting *Landers*, 771 F.3d at 645).

Plaintiff's First Amended Complaint satisfies this standard. It alleges that (i) Defendants employed Plaintiff as a well pump technician at various times between 2010 and 2022; (ii) Plaintiff regularly worked more than 40 hours per week during this time; and (iii) Defendants failed to pay Plaintiff an overtime premium for all hours worked in excess of 40 hours per week. In particular, in paragraphs 25 through 32 of the First Amended Complaint, Plaintiff alleges that:

25. Plaintiff was generally scheduled to work from 8:00 a.m. to 4:00 p.m., five days per week plus every third Saturday.

26. While Plaintiff was technically scheduled for eight-hour shifts, if Plaintiff was on a job at 4:00 p.m., he was required to finish that job before leaving for the day.

27. Plaintiff was not permitted to leave work before 4:00 p.m. if he finished a job early, meaning that if Plaintiff finished a job at 3:30 p.m., he was required to pick up another job rather than go home for the day.

28. Plaintiff hardly ever finished a job right at 4:00 p.m. Thus, Plaintiff regularly worked until at least 5:00 p.m., and often worked until 5:30 or 6:00 p.m. or later.

29. Plaintiff did not take lunch or other breaks during his workday, nor did Defendants schedule or otherwise account for a lunchbreak in Plaintiff's schedule.

30. Plaintiff worked overtime in almost every week of his employment with Defendants.

31. Specifically, Plaintiff recalls that he worked extensive overtime during the week of June 6-10th of 2022.

32. On average, Plaintiff worked 7.5 hours of overtime per week, plus an additional 9 hours during the weeks that he worked a Saturday shift.

First Am. Compl. at ¶¶ 25-32 (Dkt. 12).

Defendants argue that these allegations "fail for facial plausibility because they do not demonstrate the grounds upon which Plaintiff's claim rests and, in turn, do not allow the Court to

**MEMORANDUM DECISION AND ORDER - 5**

draw a reasonable inference that Defendants are liable for the misconduct alleged." Defs.' Mem. ISO Renewed MTD at 6 (Dkt. 15). The Court disagrees.

First, although Plaintiff's First Amended Complaint includes conclusory allegations that he regularly was required to work more than 40 hours per week without overtime compensation, it also includes more specific allegations. For example, he describes (i) the nature of his typical workday and how it rarely allowed for him to finish work by 4:00 p.m.; (ii) how his shift did not account for any breaks; (iii) how he worked an *additional* 9 hours every third week; (iv) how he worked overtime almost every week; (v) how he averaged approximately 7.5 hours of overtime per week; and (vi) how he recalls working "extensive overtime" during the week of June 6, 2022. These allegations go beyond the bare assertion that Plaintiff regularly worked more than the statutory requirement, and instead support a plausible inference that at least one actionable instance occurred. *See, e.g.*, *Nuff*, 2021 WL 355073, at * 4 ("Plaintiffs here have done enough. They approximated that, on average, they worked five hours of unpaid overtime each week during their employment with the restaurant. That level of detail, alongside the more specific factual allegations regarding the plaintiffs' length of employment, their duties, and their pay, is sufficient to nudge plaintiffs' claims across the line from conceivable to plausible.").

Second, and more practically-speaking, *Landers* did not create a heightened pleading standard for FLSA cases. Rather, it articulated, "[p]ost-*Twombly* and *Iqbal*, . . . the degree of specificity required to state a claim for failure to pay . . . overtime wages under the FLSA." *Landers*, 771 F.3d at 640. Although *Twombly* and *Iqbal* may have added "meat to the bone" of FRCP 8's pleading requirement, they mandate only that a complaint allege nonconclusory facts stating a facially plausible claim to relief. *Supra*. *Landers* simply folded this direction into FLSA claims. To require more would impermissibly "[ratchet] up the general pleading standard such that it would resemble the [FRCP] 9 particularity standard, which, in contrast to [FRCP] 8,

**MEMORANDUM DECISION AND ORDER - 6**

mandates that plaintiffs state 'the who, what, when, where, and how' of their claims." *Sagastume v. Psychemedics Corp.*, 2020 WL 8175597, at *3 (C.D. Cal. 2020) (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)). Such a hypertechnical reading cannot be squared with *Boon v. Canon Bus. Sols., Inc.*, 592 Fed. Appx. 631 (9th Cir. 2015).

In *Boon*, the Ninth Circuit reversed as "inconsistent" with *Landers* a district court's ruling that a plaintiff's "complaint must contain an estimate of how much uncompensated time was worked, how often, and at what rate to survive a motion to dismiss." *Id*. at 632 (internal quotation marks and brackets omitted). *Boon* explained that, under *Landers*, "plaintiffs in these types of cases must allege facts demonstrating that there was at least one workweek in which they worked in excess of 40 hours and were not paid overtime wages." *Id*. And, because the plaintiff "identified tasks for which he was not paid and alleged that he regularly worked more than 8 hours in a day and 40 hours in a week," his allegations "satisf[ied] the pleading requirements of *Landers* at this stage of the litigation." *Id*.

*Boon's* reasoning is applicable here because it (i) harmonizes *Landers* with FRCP 8's general pleading standard that a plaintiff must plead more than "labels and conclusions," but (ii) confirms that a plaintiff need not undertake the "cumbersome" practice of "set[ting] out in detail the facts upon which he bases his claim." *Twombly*, 550 U.S. at 555 & n.3. Against this framework, the allegations within Plaintiff's First Amended Complaint are enough. They explain what kinds of activities Plaintiff claims were uncompensated and indicate that this uncompensated time pushed his workweek beyond 40 hours. They further highlight that such weeks – weeks in which Plaintiff was required to work uncompensated time beyond 40 hours – were indeed his typical workweeks, and thus, plausibly suggest that uncompensated work was the norm for Plaintiff. Under both *Landers* and *Boon*, Plaintiff's FLSA allegations are sufficient

**MEMORANDUM DECISION AND ORDER - 7**

for pleading purposes and can be further tested via discovery and dispositive motion practice. Defendants' Renewed Motion to Dismiss is denied in this respect.

**B.**     **Plaintiff Sufficiently Stated a Claim Against Defendant Freeman Individually**

Defendants argue that Plaintiff's First Amended Complaint fails to assert a plausible claim against Defendant Freeman individually because Plaintiff has not alleged that Defendant Freeman was anything other than an agent of Defendant Wood River. Defs.' Mem. ISO Renewed MTD at 6-7 (Dkt. 15). The Court disagrees.

Liability under the FLSA is limited to "employers," which include "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). This definition is interpreted expansively "in order to effectuate the FLSA's broad remedial purposes." *Lambert v. Ackerley*, 180 F.3d 997, 1011-12 (9th Cir. 1999) (internal quotation marks omitted). Relevant here, "[w]here an individual exercises control over the nature and structure of the employment relationship, or economic control over the relationship, that individual is an employer within the meaning of the [FLSA]." *Id.* at 1012. "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA." *Boucher v. Shaw*, 572 F.3d 1087, 1094 (9th Cir. 2009).

To determine whether an individual is an employer under the FLSA, the Ninth Circuit applies a four-factor "economic reality" test that considers: "Whether the alleged employer (i) had the power to hire and fire the employees, (ii) supervised and controlled employee work schedules or conditions of employment, (iii) determined the rate and method of payment, and (iv) maintained employment records." *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983). These factors are only guidelines; courts must look to the "circumstances of the whole activity" in assessing whether the economic reality test is satisfied.

**MEMORANDUM DECISION AND ORDER - 8**

*Boucher*, 572 F.3d at 1091 (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)).  At bottom, an individual may be held liable as an employer under the FLSA where the evidence supports a determination that the individual exercised economic and operational control over the employment relationship.  *Id*. (finding that a defendant responsible for handling labor and employment matters, who also held 30% ownership over a company, was an "employer" under the FLSA).

Here, Plaintiff sufficiently alleges that Defendant Freeman is individually liable for the alleged FLSA violations.  In particular, in paragraphs 10 through 13 of the First Amended Complaint, Plaintiff alleges that:

> 10. Freeman is a principal, director, officer, and/or owner of Wood River.
>
> 11. Freeman, in his role as an operating employer of Wood River, had the power to hire and fire Plaintiff, often exercised supervisory authority over Plaintiff's work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.
>
> 12. Freeman took an active role in operating Wood River and in the management thereof.
>
> 13. Specifically, Freeman interviewed and hired Plaintiff, informed Plaintiff regarding Defendants' pay policies and determined what Plaintiff would be paid for his labor, gave Plaintiff his work assignments and directed Plaintiff on where to perform Defendants' services, signed and gave Plaintiff his bi-weekly pay checks, and terminated Plaintiff at the end of his employment.

First Am. Compl. at ¶¶ 10-13 (Dkt. 12).  These allegations provide a plausible factual basis, consistent with the economic reality test, that Defendant Freeman is a joint employer with Defendant Wood River and subject to the FLSA's reach.  Plaintiff has therefore sufficiently stated a claim against Defendant Freeman.  Again, discovery may reveal that Defendant Freeman did not actually exercise the requisite level of authority over Plaintiff's employment to be considered an employer under the FLSA.  But, without more, the Court cannot stake such ground

**MEMORANDUM DECISION AND ORDER - 9**

as a matter of law at this stage of the litigation. Defendants' Renewed Motion to Dismiss is likewise denied in this respect.

## IV.  ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' Renewed Motion to Dismiss (Dkt. 14) is DENIED. By separate correspondence, the Court will coordinate with the parties about Litigation and Discovery Plans for the purpose of entering a Scheduling Order that outlines the pre-trial deadlines moving forward.



DATED:  January 27, 2023

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 10**